IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

      Plaintiff,                               No. CIV S-12-501 KJM CKD PS

      vs.

WELLS FARGO BANK, N.A., INC.,

      Defendant.                         ORDER

_____/

        Plaintiff, proceeding pro se, has filed an ex parte motion for court approval of a lis pendens for the properties which are the subject of the instant action. Under California Code of Civil Procedure section 405.21, court approval is a prerequisite to recording of a lis pendens signed by a person acting in propria persona.

        Plaintiff's claim to a lis pendens rests on his cause of action to quiet title. This claim cannot lie in that plaintiff fails to allege tender of the full amount owed on the loan. See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.").

1       Since plaintiff's claim to quiet title appears to have no merit, defendants would be
2 entitled to expungement of the notice of any lis pendens. See Cal. Code Civ. Proc. § 405.32 (the
3 court "shall order that the notice be expunged if the court finds that the claimant has not
4 established by a preponderance of the evidence the probable validity of the real property claim").
5 Id. § 405.32.  Under these circumstances, the court does not find a lis pendens is warranted.

6       Accordingly, IT IS HEREBY ORDERED that plaintiff's ex parte motion for court
7 approval of lis pendens (dkt. no. 4) is denied.

8 Dated: March 5, 2012

*[signature]*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
becker.lispend