1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNLY BECKER,

11            Plaintiff,              No. CIV S-12-0501 KJM CKD PS

12        vs.

13   WELLS FARGO BANK, N.A., INC.,    ORDER AND

14            Defendant.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Pending before the court are plaintiff's second ex parte motion for court approval

17   of lis pendens, an ex parte motion to strike proof of service of summons and complaint, an ex

18   parte motion to shorten time, and a motion for preliminary injunction.  Because oral argument is

19   not of material assistance, these matters are submitted on the briefs.  E.D. Cal. L.R. 230(g).  Upon

20   review of the documents in support, no opposition having been filed and no appearance having

21   yet been made by defendant,[1] THE COURT FINDS AS FOLLOWS:

22   \\\\\

23   _____

24        [1] Although defendant has not appeared in this action, in light of the relief plaintiff seeks
     in the motion for preliminary injunction, the court will serve courtesy copies of this order and
     findings and recommendations on defendant's registered agent for service of process and the
25   lawyers representing defendant Wells Fargo Bank, NA, Inc. in another action brought by
     plaintiff.  See Calif. Sec'y State, Business Entity Detail, http://kepler.sos.ca.gov/cbs.aspx; Becker
26   v. Wells Fargo Bank, NA, Inc., et al., CIV S-10-2799 LKK KJN PS (E. D. Cal.)  The court
     recognizes that these lawyers do not represent defendant in this action and may not necessarily be
     retained to do so.

Plaintiff, proceeding pro se, has filed a second ex parte motion for court approval of a lis pendens for the properties which are the subject of the instant action.  Under California Code of Civil Procedure section 405.21, court approval is a prerequisite to recording of a lis pendens signed by a person acting in propria persona.

Plaintiff contends that a lis pendens is appropriate because of his claims for fraud and wrongful foreclosure.[2]  It is not apparent from the pleadings that plaintiff would be entitled to any relief other than damages if plaintiff prevails on his fraud claim.  With respect to the wrongful foreclosure claim, which rests on alleged procedural defects in the foreclosure process, plaintiff fails to allege tender of the full amount owed on the loan.[3]  See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust.  As such, they have not stated a claim to quiet title."); Arnolds Management Corp. v. Eischen (1984) 158 Cal. App. 3d 575, 578–579 (1984) (claim resting on irregularity in sale notice or procedure should be accompanied by offer to pay full amount of the debt for which property was security); FPCI RE–HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1022 (1989) (rationale behind tender rule is that irregularities in foreclosure sale do not damage plaintiff where plaintiff could not redeem property had sale procedures been proper).

Since plaintiff's claim to wrongful foreclosure appears to have no merit, defendant would be entitled to expungement of the notice of any lis pendens.  See Cal. Code Civ.

---

[2] Plaintiff seeks lis pendens for two properties.  Only one of the subject properties in this action is addressed in plaintiff's eighth cause of action for improper foreclosure.

[3] Plaintiff claims he does not know the amount that needs to be tendered.  This contention is belied by exhibits plaintiff has submitted in these proceedings.  See, e.g. dkt. no. 11-1, p.5 (notice of default sets forth amount plaintiff must tender for account to become current).

1  Proc. § 405.32 (the court "shall order that the notice be expunged if the court finds that the

2  claimant has not established by a preponderance of the evidence the probable validity of the real

3  property claim"). Id. § 405.32. Under these circumstances, the court does not find a lis pendens

4  is warranted.

5          Plaintiff's ex parte motion to strike seeks to substitute a proof of service of

6  summons for one which plaintiff contends was erroneously filed. There being no proof of

7  service of summons previously filed on the docket, the motion to strike will be denied as

8  unnecessary.

9          Plaintiff moves ex parte for shortened time for hearing on plaintiff's motion for

10  preliminary injunction. As noted above, these matters have been submitted on the papers.

11  Accordingly, shortened time for hearing on plaintiff's motion for preliminary injunction will be

12  denied.

13          Plaintiff requested that the motion for preliminary injunction be heard by the

14  District Judge. The court notes that plaintiff has declined to proceed before the Magistrate Judge.

15  Dkt. no. 7. However, under 28 U.S.C. § 636(b) and Local Rule 302(c)(21), this action has been

16  properly referred to the magistrate judge for pretrial matters. Plaintiff contends that the District

17  Judge should hear the motion for preliminary injunctive relief because of the imminence of a

18  foreclosure sale of his home, located at 604 Hardy Place, Lincoln, CA 95648, which has been

19  scheduled for March 28, 2012. While the District Judge in plaintiff's other action brought

20  against defendant Wells Fargo heard the motion for preliminary injunction,[4] in this case, the

21  District Judge has specifically referred the motion for preliminary injunction to the undersigned.

22  Dkt. no. 12. Accordingly, the court turns to the merits of plaintiff's motion.

23  \\\\\

24  _____

25          [4] See Becker v. Wells Fargo Bank, NA, Inc., et al., CIV S-10-2799 LKK KJN PS (E. D.
    Cal.) dkt. no. 1 (notice of removal filed October 15, 2010); dkt. no. 14 (motion for preliminary
26  injunction filed November 12, 2010); dkt. no. 16 (order setting hearing before District Judge);
    dkt. no. 21 (order of District Judge resolving motion for preliminary injunction).

1    Plaintiff seeks ex parte a preliminary injunction.  Under Federal Rule of Civil

2    Procedure 65(a)(1), the court may issue a preliminary injunction only on notice to the adverse

3    party.  Because plaintiff seeks ex parte relief, the court will construe plaintiff's motion as a

4    motion for temporary restraining order.

5    The standards governing the issuance of temporary restraining orders are

6    "substantially identical" to those governing the issuance of preliminary injunctions.  Stuhlbarg

7    Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001).

8    Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits,

9    that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

10   equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n,

11   Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res.

12   Def. Council, Inc., 555 U.S. 7 (2008)).  "A preliminary injunction is appropriate when a plaintiff

13   demonstrates . . . that serious questions going to the merits were raised and the balance of

14   hardships tips sharply in the plaintiff's favor."  Alliance for the Wild Rockies v. Cottrell, 622

15   F.3d 1045, 1049-50 (9th Cir. 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th

16   Cir. 2008) (en banc)).  A TRO is "an extraordinary remedy that may only be awarded upon a

17   clear showing that the plaintiff is entitled to such relief."  Winter, 129 S. Ct. at 376.

18   The Ninth Circuit has reiterated that under either formulation of the principles, if

19   the probability of success on the merits is low, preliminary injunctive relief should be denied:

20
21   > Martin explicitly teaches that "[u]nder this last part of the
     > alternative test, even if the balance of hardships tips decidedly in
     > favor of the moving party, it must be shown as an irreducible
22   > minimum that there is a fair chance of success on the merits."

23   Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting

24   Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

25   Without evidentiary support, plaintiff asserts that a foreclosure sale of his home

26   has been scheduled for March 28, 2012.  Although plaintiff has submitted as an exhibit a Notice

4

of Trustee's Sale, that notice does not pertain to the subject properties.  It appears from plaintiff's
filings in this action, in the other action presently pending in the Eastern District of California,
and in the Bankruptcy Court for the Eastern District of California, that plaintiff is a sophisticated
investor well versed in legal pleadings.  See, e.g. dkt. no. 1 at 6:18-20 (plaintiff alleges in
complaint that he owned 18 properties by March of 2008, 16 of which were investment
properties); In re Gaither, 06-25413-D-13L (Bankruptcy Court, E. D. Cal.), dkt no. 68
(declaration of Dennly Becker in opposition to debtor's motion to value collateral of Dennly
Becker.)  Although plaintiff claims a foreclosure sale of his home is imminent, he submits no
evidence in support of this contention.  See, e.g. dkt. no. 11-1, Exh. 2 (notice of default and
election to sell related to plaintiff's property located at 244 Quarry Stone Way); dkt. no. 11-1
(exhibits do not pertain to property located at 604 Hardy Place, Lincoln, CA 95648 which is
subject of plaintiff's request for preliminary injunctive relief.)  As discussed above, in the
absence of tender, plaintiff has little likelihood of succeeding on the merits of his claims related
to the real property.  Given the extraordinary nature of the relief plaintiff seeks, on the present
evidentiary record, the court will recommend that plaintiff's request be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's second ex parte motion for court approval of lis pendens (dkt. no. 6)
is denied;

2.  Plaintiff's ex parte motion to strike proof of service of summons and complaint
(dkt. no. 9) is denied as unnecessary;

3.  Plaintiff's ex parte motion to shorten time for hearing (dkt. no. 10) is denied as
the matter for preliminary injunctive relief is submitted on the papers;

4.  The Clerk of Court is directed to serve a courtesy copy of this order on CSC-
Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Ste. 100, Sacramento, CA   95833 and
Christopher Carr and Matthew Pero, 199 S. Los Robles Ave., Suite 600, Pasadena, CA   91101;
and

1          IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary

2   injunction (dkt. no. 11), construed as a motion for temporary restraining order, be denied.

3          These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within ten days after service of the objections.  The parties are advised

9   that failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11   Dated: March 15, 2012

12

13                                              CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE
14
    4
15  becker.tro.lispend

16

17

18

19

20

21

22

23

24

25

26