IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A., INC.,

    Defendant.

No. CIV S-12-0501 KJM CKD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>[1]

Pending before the court is plaintiff's third motion for temporary restraining order.[2] Because of the emergency nature of plaintiff's request, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support, no opposition having been filed and no appearance having yet been made by defendant,[3] THE COURT FINDS AS FOLLOWS:

\\\\\

---

[1] Given the imminent date of the foreclosure sale at issue on the pending motion, the court will shorten the objection period. Objections will be due no later than Monday, March 26, 2012.

[2] On March 16, 2012, plaintiff filed three other motions pertaining to preliminary injunctive relief. Plaintiff has requested those motions be withdrawn.

[3] Because defense counsel represented to the court that the parties were in the process of resolving this case informally, defendant was granted an extension of time to respond to the complaint. Dkt. no. 19.

On March 16, 2012, the undersigned recommended that plaintiff's motion for temporary restraining order regarding a March 28, 2012 foreclosure sale of his home located at 604 Hardy Place, Lincoln, CA 95648 be denied. Dkt. no. 13. That recommendation, in part, was based on the lack of evidentiary support for plaintiff's motion. Since issuance of the findings and recommendations, plaintiff has attempted to reinstate his loan and the parties have engaged in correspondence directed to resolution of this matter.

The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008)). "A preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010) (quoting Lands Council v. McNair, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 129 S. Ct. at 376.

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

1    The documents submitted by plaintiff in support of his most recent motion for
2 temporary restraining order indicate that plaintiff has apparently engaged in a good faith effort to
3 reinstate his loan but that because of the timing of the reinstatement quote, plaintiff has been
4 unable to timely remit the reinstatement amount.  See Plaintiff's Exh. 3.  Plaintiff asserts that the
5 amount has been deposited with his bank with directions that it be made payable to defendant.
6 Despite plaintiff's efforts, defendant has apparently been unwilling to halt the scheduled
7 foreclosure sale.  It appears that in the circumstances presented here, plaintiff may be able to
8 amend the complaint to state a claim for a wrongful foreclosure sale and the likelihood of success
9 on the merits of this claim is high.  The other three factors the court must consider before issuing
10 temporary injunctive relief all weigh in plaintiff's favor.  The court will therefore recommend
11 that a temporary restraining order be issued upon plaintiff's deposit with the court of the
12 reinstatement amount.

13    Accordingly, IT IS HEREBY ORDERED that pursuant to plaintiff's request, the
14 motions for temporary restraining order, motion for preliminary injunction, and motion to
15 shorten time (dkt. nos. 14, 15, 16) are withdrawn; and

16    IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary
17 restraining order (dkt. no. 21) be granted, contingent upon deposit with the court of the sum of
18 $29,808.20, to be held by the court pending further order regarding disposition of said sum.
19 Defendant Wells Fargo Bank, N.A., Inc., its affiliates and assignees, including but not limited to
20 Default Resolution Network, a division of Fidelity National Title Company, should be
21 temporarily restrained for a period not exceeding fourteen days from proceeding with a
22 foreclosure sale of the premises located at 604 Hardy Place, Lincoln, CA 95648.

23    These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  No later than
25 **March 26, 2012**, any party may file written objections with the court and serve a copy on all
26 parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations." Any reply to the objections shall be served and filed within ten days after
2  service of the objections. The parties are advised that failure to file objections within the
3  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
4  F.2d 1153 (9th Cir. 1991).

  Dated: March 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
becker2.tro.