IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

        Plaintiff,                    No. CIV S-12-501 KJM CKD PS

    vs.

WELLS FARGO BANK, N.A., INC.,     ORDER AND

        Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Calendared for hearing on May 16, 2012 is plaintiff's motion for preliminary injunction. Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        Plaintiff moves for a preliminary injunction, asserting that he will suffer irreparable harm if his properties are foreclosed. The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria

traditionally are treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u> that serious questions are raised and the balance of hardships tips sharply in his favor.'" <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in original)). <u>See also</u> <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1049-50 (9th Cir. 2010).

The documents submitted by defendant[1] in opposition to the motion for preliminary injunction establish that plaintiff is in no present danger of having his properties foreclosed. <u>See</u> dkt. no. 27-3, Exh. A, B (notices of rescission of notices of default on the subject properties). Under these circumstances, plaintiff cannot establish a possibility of irreparable injury and the balance of hardships does not tip sharply in plaintiff's favor. The motion for preliminary injunction should therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of May 16, 2012 on plaintiff's motion for preliminary injunction is vacated;

2. Defendant's request for judicial notice (dkt. no. 27-2) is granted; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction (dkt. no. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[1] Defendant requests the court take judicial notice of these documents. That request will be granted.

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: May 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
becker.pi