IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A., INC.,

    Defendant.

_____/

No. CIV S-12-0501 KJM-CKD

ORDER

        On May 15, 2012, plaintiff filed a motion for an order to show cause why defendant should not be held in contempt and sanctioned for violating the court's orders. (ECF 32.) On May 22, 2012, the magistrate judge denied this motion. (ECF 33.) On May 31, 2012, plaintiff filed the pending request for reconsideration of the magistrate judge's May 22, 2012 order. (ECF 35.)

        Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 303(f) & 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and

1

firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23, 2011). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j)(3). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Plaintiff contends the magistrate judge's order is contrary to law because the magistrate judge stated "holding defendant in contempt appears unwarranted in light of the other avenues available to plaintiff, such as seeking entry of default," but plaintiff could not seek the entry of default as defendant had indicated its intent to defend. (ECF 35 at 2.) Plaintiff asks the court to issue an order to show cause why defendant should not be held in contempt and sanctioned for violation of its order and order defendant to respond to plaintiff's complaint within fourteen days. (*Id.* at 3.) Defendant opposes plaintiff's request, expressing regret for its delay. (ECF 37.) In his reply, plaintiff contends defendant has no good reason for its failure to file a timely response. (ECF 38.)

The issuance of orders to show cause and sanctions are within the court's discretion. Plaintiff's request for reconsideration is denied as the magistrate judge's order was neither clearly erroneous nor contrary to law. Moreover, defendant filed a motion to dismiss on

/////

1 June 15, 2012 (ECF 39), mooting plaintiff's request that the court order defendant to respond to
2 his complaint.
3       IT IS SO ORDERED.
4 DATED: July 26, 2012.

_____
UNITED STATES DISTRICT JUDGE