IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

        Plaintiff,                    No. 2:12-cv-501 KJM CKD PS

    vs.

WELLS FARGO BANK, N.A., INC.,      ORDER

        Defendant.

_____/

        Defendant's motion to dismiss came on regularly for hearing August 22, 2012. Plaintiff appeared in propria persona. Daska Babcock appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff's claims to quiet title cannot lie in the absence of tender. See <u>Shimpones v. Stickney</u>, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); <u>see</u> <u>also</u> <u>Aguilar v. Bocci</u>, 39 Cal. App. 3d 475, 477 (1974); <u>Kelley v. Mortgage Electronic Registration</u>, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."). At the hearing, defense counsel provided information regarding the full amount due on both of the loans at issue in this action. Plaintiff

1 will be afforded an opportunity to tender those amounts in order to proceed on any quiet title
2 claims or other causes of action requiring tender.
3     In support of plaintiff's claim under the Real Estate Settlement Procedures Act
4 ("RESPA"), 12 U.S.C. § 2605, plaintiff asserts that a letter dated August 31, 2011 was a
5 qualified written request ("QWR") within the meaning of the Act.  Plaintiff will be directed to
6 provide a copy of that letter to the court.
7     Accordingly, IT IS HEREBY ORDERED that:
8     1. No later than August 29, 2012, plaintiff shall file a copy of the letter dated
9 August 31, 2011 which plaintiff contends was a qualified written request under RESPA.
10     2. No later than 4:00 p.m. on September 12, 2012, plaintiff shall deposit with the
11 Clerk of Court the sum of $480,176.88, representing tender of the full amount of unpaid debt,
12 together with costs, due on the 604 Hardy Place loan, and the sum of $324,547.18, representing
13 tender of the full amount of unpaid debt, together with costs, due on the 244 Quarry Stone Way
14 loan.  Deposit of said funds shall be in the form of Cashier's Checks and shall be maintained by
15 the Clerk of Court in accordance with Local Rule 150(c) pending further order of the Court.
16 Failure to comply with this order shall result in a recommendation that defendant's motion to
17 dismiss plaintiff's claims requiring tender be granted.
18     3. The motion to dismiss shall thereafter stand submitted.

Dated: August 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
becker.oah