IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A., INC.,

    Defendant.

                                    /

No. CIV S-12-0501 KJM-CKD

ORDER

On August 23, 2012, the magistrate judge filed an order determining that plaintiff's claims to quiet title are not cognizable in the absence of tender and directing him to deposit two cashier's checks with the Clerk of the Court representing tender of the full amounts of his unpaid debts as a condition to maintaining his quiet title actions. ECF No. 50. On September 5, 2012, plaintiff sought reconsideration of this order, arguing that requiring tender is inequitable. He also disputes the validity of various documents defendants submitted at the hearing on the motion to dismiss.[1]

---

[1] Defendant filed a response to plaintiff's request for reconsideration but in light of plaintiff's claim that this was not timely served on him, the court will not consider it. ECF Nos. 53-55.

1

1     Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* Local Rule 303(f) & 28 U.S.C. § 636(b)(1)(A). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623. "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, 3 (E.D. Cal. Mar. 23, 2011). Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j)(3). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (emphasis in original).

    Plaintiff contends the magistrate judge's order is contrary to law because Wells Fargo has prevented him from offering full or partial tender by failing to respond to his inquiries about the ownership of his loan and the amount owing. He raised these arguments in opposition to the motion to dismiss and has presented nothing which was not, or could not have been, presented below. ECF No. 47-1 at 44-45. Moreover, none of these arguments shows that the magistrate judge's order is clearly erroneous. *See, e.g.*, *Manantan v. National City Mortgage*, No. C–11–00216 CW, 2011 WL 3267706, at *5 (N.D. Cal. July 28, 2011).

1       Plaintiff's objection to the pay-off statements is not entirely clear; it appears that
2 he is objecting to the magistrate judge's reliance on them as a basis for the tender amounts.
3 However, nothing in the record shows he could not have objected to these documents when they
4 were proffered at the hearing; his request for reconsideration based on an objection he could
5 have raised below is unavailing.
6       IT THEREFORE ORDERED that plaintiff's motion for reconsideration (ECF No.
7 52) is denied.
8 DATED: November 1, 2012.

                                          UNITED STATES DISTRICT JUDGE