IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

        Plaintiff,                     No. 2:12-cv-0501 KJM CKD PS

    vs.

WELLS FARGO BANK, N.A., INC.,      <u>ORDER AND</u>

        Defendant.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's motion to dismiss is pending before the court. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims related to two loans secured by deeds of trusts for properties located at 604 Hardy Place in Lincoln, California and 244 Quarry Stone Way in Manteca, California. With respect to the 604 Hardy Place loan, plaintiff alleges claims for fraud (premised on a denial of a loan modification), negligence (failure to quickly modify the loan), false promise (false promise to quickly modify loan to reduce payments to $1500), Real Estate Settlement Procedures Act "RESPA" (failure to respond to request for payoff amount), California Civil Code § 2923.6 (failure to modify loan at market rates), negligence (failure to

quickly modify loan), elder abuse (denying loan modification by misrepresenting plaintiff's occupancy of Hardy place property), California Unfair Competition Law "UCL" (based on above alleged violations), and quiet title (preventing plaintiff from paying off loan by failing to provide payoff statement). With respect to the 244 Quarry Stone Way loan, plaintiff alleges similar claims but also alleges claims under the California Rosenthal Fair Debt Collection Practices Act "Rosenthal Act" for rescission of contract (premised on defendant misrepresenting itself as the lender and changing the locks on the property), improper foreclosure process (fraudulent recording of notice of default) and intentional infliction of emotional distress (sending letter that defendant had changed locks due to vacancy and fraudulent recording of notice of default). Notices of default on both properties have been rescinded pursuant to plaintiff's reinstatement of the Hardy Place loan and modification of the Quarry Stone Loan. The gravamen of plaintiff's complaint is that defendant wrongfully denied plaintiff a modification of the Hardy Place loan because of the alleged misrepresentation that plaintiff's occupancy of that property could not be verified. With respect to the Quarry Stone property, plaintiff alleges he was wrongfully forced into a modification of that loan because of alleged misrepresentations that defendant was authorized to modify the loan and that defendant had changed the locks on the Quarry Stone property. Defendant moves to dismiss.

By order filed August 23, 2012, plaintiff was directed to deposit with the court certain sums representing tender of the full amount of unpaid debt on the subject properties. Plaintiff moved to reconsider before the District Judge; by order filed November 2, 2012 the motion to reconsider was denied. Pending before the District Judge is plaintiff's motion to reconsider the November 2, 2012 order. Plaintiff has not to date deposited the requisite sums.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendant has requested this court take judicial notice of documents. Dkt. no. 43. That request will be granted.[1]

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v.

---

[1] The documents of which defendant requests the court take judicial notice comprise documents recorded with County Recorders, which are properly subject to judicial notice. Defendant also submits copies of documents referenced in the complaint, the authenticity of which is not disputed by plaintiff. Dkt. no. 43, Exh. 9, 10; see Complaint, ¶¶ 42, 114, 121. The court has considered the referenced exhibits in ruling on the motion to dismiss.

1  KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

With respect to plaintiff's fraud claims, the allegations of the complaint are insufficient. The elements of a fraud claim under California law are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 203 P.3d 1127, 1135 (2009); accord Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996). In addition, as stated above, a claim for fraud must be pled with particularity, see Fed. R. Civ. P. 9(b). At the very least, a plaintiff alleging fraud must plead evidentiary facts such as the time, place, persons, statements, and explanations of why allegedly misleading statements were misleading. In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1988). See also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"). When asserting a fraud claim against a corporation, "the plaintiff's burden . . . is even greater. . . . The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lazar, 12 Cal. 4th at 645 (quoting

/////

1  Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991)).  See also Spencer
2  v. DHI Mortgage Co., 2009 WL 1930161, at *6 (E.D. Cal. June 30, 2009).
3           Plaintiff bases his claim for fraud relating to the Hardy Place loan on an alleged
4  misrepresentation by defendant that it could not verify that plaintiff lived at the Hardy Place
5  property.  Plaintiff contends that defendant knew he occupied the Hardy Place property yet
6  fraudulently failed to approve a loan modification based on non-occupancy.  Plaintiff asserts a
7  statement by Wells Fargo agent Paulo DaSilva demonstrates defendant knew plaintiff occupied
8  the subject property.  Complaint, ¶ 81.  Plaintiff alleges that he received a letter from DaSilva
9  stating that documentation would be submitted to the investor for approval; there is, however, no
10 indication that the loan had been approved or that defendant deemed plaintiff's proof of
11 occupancy sufficient.  Complaint, ¶ 85.  Plaintiff also alleges he spoke with a "Keith" who said
12 he would enter the occupancy verification information provided by plaintiff into the computer.
13 Complaint, ¶ 87.  These allegations are insufficient to support a claim that defendant had in fact
14 determined plaintiff fulfilled the requirements for owner occupancy and then knowingly
15 misrepresented that it had not determined the question of occupancy.  In addition, even if
16 plaintiff can establish a misrepresentation, plaintiff fails to allege damages that were caused by
17 reliance on the alleged misrepresentation, i.e. that he otherwise would have qualified for a loan
18 modification but for the occupancy requirement.
19          With respect to the fraud claim as to the Quarry Stone loan, plaintiff alleges
20 fraudulent inducement to enter into a loan modification.  The elements of a claim for fraudulent
21 inducement to enter into a contract are the same as for affirmative fraud.  See Lazar v. Superior
22 Court, 12 Cal. 4th at 638.  Plaintiff relies on a letter dated May 10, 2011 for his fraudulent
23 inducement claim.  Complaint at ¶¶ 42, 149; Defendant's Exh. 9.  However, the May 10, 2011
24 letter does not fraudulently, as plaintiff claims, represent that defendant is the owner of the note.
25 Plaintiff also asserts there was a misrepresentation in a letter he received on August 30, 2011
26 from First American Trustee Servicing Solutions enclosing a notice of default.  Complaint at ¶

109, 149.  Plaintiff alleges First American was the agent of defendant and fraudulently represented that Wells Fargo Bank, N.A. was the creditor to whom the debt was owed.  Wells Fargo Bank, N.A. was the beneficiary of record for the deed of trust on the Quarry Stone property.  Defendant's Exh. 5.  The notice of default was recorded on August 17, 2011.  Defendant's Exh. 6.  It was not until August 19, 2011 that Wells Fargo Bank, N.A. made a corporate assignment of the deed of trust and that assignment was recorded on August 23, 2011.  Defendant's Exh. 7.  Under these circumstances, plaintiff's allegations are insufficient to support a claim that defendant's agent knowingly made a misrepresentation.

Plaintiff also contends that a September 15, 2011 loan modification misrepresented Wells Fargo Bank, N.A. as the owner of the note.  The loan modification, contrary to plaintiff's contention, identifies Wells Fargo Bank, N.A. as the servicer, not the beneficiary under the deed of trust or owner of the note.  Defendant's Exh. 10, ¶ 10.  Plaintiff further premises his fraud claim on a letter dated October 19, 2011 in which the servicer indicated the locks were changed because the property was reported vacant.  Complaint, Exh. 1.  Plaintiff claims he entered into a loan modification because the October 19 letter made him think foreclosure was imminent.  The October 19 letter, however, makes no representations regarding foreclosure.  Plaintiff also alleges that in a conversation with defendant's agent, Naomi Ochoa, he was told the only way to stop foreclosure was to enter into a loan modification agreement.  Complaint at ¶ 121.  But plaintiff also alleges in his complaint that he had asked for payoff amounts on the Quarry Stone property so that he could extinguish the obligation.  Complaint at ¶ 110.  Thus, the allegations of the complaint acknowledge that plaintiff was exploring other means to avoid foreclosure and he cannot therefore establish reasonable reliance on Ochoa's allegedly false statement.  Plaintiff also premises his fraud claim on a notice of default for the Quarry Stone property.  Complaint at ¶¶155-167.  The complaint, however, does not connect any purported false statements in the notice to any harm suffered.  Plaintiff's fraud claims should therefore be dismissed.

1  Plaintiff's negligence claims are similarly deficient.  "The relationship between a
2  lending institution and its borrower-client is not fiduciary in nature."  <u>Nymark v. Heart Fed.</u>
3  <u>Savings & Loan Assn.</u>, 231 Cal. App.3d 1089, 1093 n. 1, 1096 (1991) ("[A]s a general rule, a
4  financial institution owes no duty of care to a borrower when the institution's involvement in the
5  loan transaction does not exceed the scope of its conventional role as a mere lender of money.");
6  <u>see</u> also <u>Oaks Management Corp. v. Superior Court</u>, 145 Cal. App.4th 453, 466 (2006) (absent
7  special circumstances, a loan transaction is at arms-length and there is no fiduciary relationship
8  between the borrower and lender).  Rather, a commercial lender is entitled to pursue its own
9  economic interests in a loan transaction.  <u>Nymark</u>, 231 Cal. App.3d at 1093 n. 1 (citing <u>Kruse v.</u>
10 <u>Bank of America</u>, 202 Cal. App.3d 38, 67 (1988)).  There is simply no duty of care owed by the
11 bank to the borrower in the circumstances alleged here.  <u>See</u> <u>Dooms v. Federal Home Loan</u>
12 <u>Mortg. Corp.</u>, 2011 WL 1232989, at *12 (E.D. Cal. 2011) (lender has no duty to grant borrower
13 loan modification).

14  The allegations supporting the third cause of action for "false promise" are also
15 deficient.  Under California law, false promise claims are a species of fraud.  Cal. Civil Code §
16 1572(4).  To state a claim for false promise, plaintiff must allege defendant made a promise
17 without a contemporaneous intent to perform.  <u>See</u> <u>Kett v. Graeser</u>, 241 Cal. App. 2d 571, 573
18 (1966).  Plaintiff fails to allege that defendant promised him a loan modification without the
19 intent to perform.  In opposition to the motion to dismiss, plaintiff proffers no argument that
20 suggests amendment would be anything other than futile.

21  Plaintiff alleges as a fourth cause of action a violation of RESPA (12 U.S.C. §
22 2605) for failure to respond to a qualified written request ("QWR") dated August 31, 2011 for
23 pay-off amounts for both loans.  Defendant moves to dismiss this claim on the basis that RESPA
24 does not require an "accounting."  Under 12 U.S.C. § 2605(e)(1), a servicer must provide
25 information relating to the servicing of the loan upon a qualified written request ("QWR") by the
26 borrower.  Requests for information about loan origination and transfer of the loan do not trigger

7

the protections afforded the borrower under section 2605. See MorEquity, Inc. v. Naeem, 118 F.Supp. 2d 885, 901 (N.D. Ill. 2000). Plaintiff asserts his QWR requested pay-off amounts and a failure to respond to such a request is arguably encompassed under RESPA. Pursuant to court order, plaintiff has submitted a copy of the August 31, 2011 letter. Dkt. no. 51. Assuming arguendo that the letter qualifies as a QWR, the complaint does not sufficiently allege pecuniary damages. See 12 U.S.C. § 2605(f). Plaintiff argues that he has suffered pecuniary damages because if he paid off the two loans, his negative cash flow problem would have been remedied and he would not have had to continue making interest payments. But plaintiff does not allege that he was able to pay off the full amount of the indebtedness; plaintiff alleges only that the outstanding principal on the two loans was $770,000. The complaint does not allege plaintiff has that amount readily available to pay off the loans. As noted above, plaintiff has yet to make a tender of the full amount of unpaid debt on the subject properties. Because it does not appear plaintiff can make a good faith allegation of pecuniary damage, the RESPA claim should be dismissed.

Plaintiff's fifth cause of action under the Rosenthal Act fails because plaintiff alleges defendant is a loan servicer, not a debt collector. Complaint at ¶ 201. A loan servicer is not encompassed within the statutory definition of debt collector. See Nool v. HomeQ Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (Rosenthal Act mirrors federal statute and excludes loan servicers). Nor does foreclosing on a loan constitute debt collection under the Act. Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008); see also Keen v. American Home Mtg. Servicing, Inc., 664 F.Supp.2d 1086, 1095 (E.D. Cal. 2009); Rosal v. First Federal Bank of California, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009) (foreclosing on property pursuant to deed of trust not debt collection within meaning of Rosenthal Act); see also Cal. Civ. Code §§ 1788.13, 2924(b) (foreclosure on a property is not debt collection activity encompassed by the Rosenthal Act).

/////

Plaintiff's sixth cause of action is for "no contract." In opposition, plaintiff seeks leave to amend the claim as a fraudulent inducement to contract and seeks rescission of the Quarry Stone loan modification. As noted above, plaintiff has failed to tender the amount due on the Quarry Stone loan and cannot therefore seek rescission. See Cal. Civil Code § 1691.

The seventh cause of action is pled under Cal. Civil Code § 2923.6. This section addresses the rights and obligations of a loan servicer with respect to participants in a loan pool. There is no private right of action created under this statute. See Farner v. Countrywide Home Loans, Inc., 2009 WL 189025, *22 & n.1 (S.D. Cal. 2009) (no private right of action for borrowers); Ruiz v. Saxon Mort. Services, 2009 WL 1872465, *2 n.2 (C.D. Cal. 2009) (no cognizable claim for wrongful foreclosure under statute); see also Nool v. HomeQ Servicing, 653 F.Supp.2d 1047, 1052 (E.D. Cal. 2009) (lender not obligated to provide loan modification under section 2923.6). Because there is no private right of action, plaintiff cannot state a claim under this statute.

Plaintiff also alleges miscellaneous other claims. The "improper foreclosure process" claim is moot because the notice of default was rescinded. Defendant's Exh. 8. The negligent and intentional infliction of emotional distress claims fail because plaintiff fails to allege physical injury and emotional distress damages cannot be awarded for solely financial loss. See Branch v. Homefed Bank, 6 Cal. App. 4th 793 (1992) (recovery limited to economic damages where plaintiff incurs neither physical impact nor physical damage). There is also no allegation of extreme and outrageous conduct sufficient to give rise to a claim for intentional infliction of emotional distress. See Quinteros v. Aurora Loan Services, 740 F. Supp. 2d 1163 (E.D. Cal. 2010) (foreclosing on home not the kind of extreme conduct that supports claim for intentional infliction of emotional distress). Plaintiff's claim under California's Elder Abuse Act (Cal. Welf. & Inst. Code § 15610.30 et seq.) fails because it is premised on plaintiff's fraud claims, which are insufficiently pled.

/////

9

Plaintiff's claims under the California Unfair Competition Law (Bus. & Prof. Code §17200) fail because they are also premised on the defectively pled fraud claims. A claim under the UCL must rest on a violation of some independent substantive statute, regulation or case law. See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL). Because the UCL claim is predicated on the same conduct giving rise to plaintiff's other causes of action, all of which are subject to dismissal, the UCL claim fails as well. See generally Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under "unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital, Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL requires showing of reliance and heightened particularity standard required for fraud).

Finally, plaintiff pleads a thirteenth cause of action for quiet title as to both subject properties. Plaintiff's claims to quiet title cannot lie in the absence of tender. See Shimpones v. Stickney, 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title."). Plaintiff has been provided an opportunity to tender the amounts due on both of the loans at issue in this action but has failed to do so. The claims for quiet title should accordingly be dismissed.

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (dkt. no. 43) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (dkt. no. 39) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
becker501.57