IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A., INC.,

    Defendant.

_____/

No. CIV S-12-0501 KJM-CKD

<u>ORDER AND ORDER TO SHOW CAUSE</u>

       The court ordered plaintiff's motion for reconsideration of this court's order of November 2, 2012, submitted without argument. After considering the record in this case and the moving papers, the court DENIES the motion.

       As he did with his motion for reconsideration of the magistrate judge's order, plaintiff objects that defendants' opposition is untimely. As it did in the earlier motion for reconsideration, the court declines to consider defendant's opposition because it is untimely. L. R. 230(c). Because this is not the first late filing by defendant's counsel, the court directs counsel to show cause why she should not be sanctioned in the amount of $250 for her second untimely filing.

/////

1

## I. PROCEDURAL HISTORY

On February 27, 2012, plaintiff filed a complaint challenging the pending foreclosure of two properties. (ECF No. 1.)

On March 16, 2012, the magistrate judge denied plaintiff's motion for court approval of lis pendens, among other things, and recommended that plaintiff's motion for a preliminary injunction be denied. (ECF No. 13.) While these findings and recommendations were pending, plaintiff filed motions for a temporary restraining order and a preliminary injunction, withdrew them, and then filed another motion for a temporary restraining order. (ECF Nos. 15, 16, 21.) The magistrate judge recommended that this later motion be granted, conditioned on plaintiff's depositing $29,808.20 with the court as bond. (ECF No. 23.) This court then denied the earlier findings and recommendations as moot and adopted the later recommendation,  enjoining the sale of 604 Hardy Place noting that plaintiff had sent the designated sum to defendant's counsel. (ECF No. 25.) Plaintiff filed, then withdrew, yet another motion for a preliminary injunction. (ECF Nos. 26, 31.)

On June 15, 2012, defendant filed a motion to dismiss and plaintiff filed his opposition. (ECF Nos. 39, 47.)

On August 21, 2012, the day before the hearing on the motion, the court issued a minute order, directing defendant's counsel to have available the amount necessary for pay-off of the loans in question. (ECF No. 48.)

At the hearing on the motion to dismiss, defendant's counsel said she had provided hard copies of the pay-off statements to plaintiff and had emailed him copies. (ECF No. 60 at 5.) Plaintiff acknowledged having received the documents and told the court he could tender the full amounts for the loans. *Id*. He did not dispute that he had received counsel's emailed copies of the notices, did not raise any objection to the documents, and did not claim that he needed additional time to review the documents. *Id*. He did argue, as he does in this

/////

1  motion, that he was not required to provide tender, but said he could have the amounts available
2  within two weeks of the hearing date. *Id*. at. 7

3  On August 23, 2012, the magistrate judge directed plaintiff to deposit the sum of
4  $480,176.88 with the Clerk of the Court, representing the full amount of the unpaid debt,
5  together with costs, due on 604 Hardy Place, as well as the sum of $324,547.18, representing the
6  tender of the full amount of unpaid debt, together with costs, due on 244 Quarry Stone Way.
7  (ECF No. 50.)

8  Plaintiff sought reconsideration of that order, arguing that requiring tender is
9  inequitable because he is challenging both the amount of the debt and the proper creditor and
10 that the pay-off statements do not establish the amount of the debt because they are hearsay.
11 (ECF No. 52.)  On November 2, 2012, the court denied this motion for reconsideration.  (ECF
12 No. 57.)

13 On November 26, 2012, plaintiff sought reconsideration of the motion denying
14 his earlier motion for reconsideration.  (ECF No. 59.)

15 II.  STANDARD

16 A district court is vested with the "power to reconsider its own interlocutory order
17 provided that the district court has not been divested of jurisdiction over the order." *City of*
18 *L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 888 (9th Cir. 2001).  "Generally stated,
19 reconsideration is appropriate where . . . it is necessary to correct clear error or prevent manifest
20 injustice." *Cachil Dehe Band of Wintun Indians Cmty. v. California*, 649 F. Supp. 2d 1063,
21 1069 (E.D. Cal. 2009) (citing *Sch. Dist. No. 1J Multnomah Cnty., Oregon v. AC&S Inc*., 5 F.3d
22 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800,
23 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court
24 in any circumstance, although as a rule courts should be loathe to do so in the absence of
25 extraordinary circumstances such as where the initial decision was 'clearly erroneous and would
26 work a manifest injustice.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

1        Plaintiff argues it would be inequitable to require tender when he is disputing both the amount owed and the identity of the creditor.  However, the magistrate judge did not order plaintiff to give the money to Wells Fargo, but rather has directed only that he deposit the funds with the Clerk of the Court.  Requiring plaintiff to demonstrate his willingness and ability to do equity as a condition of seeking the equitable remedy of quiet title does not work a manifest injustice or demonstrate clear error.  *See Urbano v. Bank of Am.*, No. 1:12–CV–00464 AWI SMS, 2012 WL 2934154 (E.D. Cal. Jul. 18, 2012) (describing equitable nature of tender requirement).

       Plaintiff again presses his argument that he did not receive the pay-off statements until the hearing and so "did not have an opportunity to review and reflect on the content of the documents or their relevance to the proceeding." (ECF No. 59 at 4.)  It is true that the hearing before the magistrate judge was brief, but there is no indication that the judge would have denied any request for additional time to review the documents and understand their relevance to the proceedings.  Plaintiff did not question why counsel provided him with the pay-off statements or otherwise express surprise at the court's discussion of the tender requirement.  Despite the brevity of the hearing, plaintiff had sufficient opportunity to raise the objection he belatedly offers.   His belated effort to wind back the clock does not provide a sufficient basis for his motion for reconsideration.

       IT IS THEREFORE ORDERED:

       1. Plaintiff's motion for reconsideration (ECF No. 59) is denied.

       2. Defendant's counsel is directed to show cause within fourteen days of this order why she should not be sanctioned in the amount of $250 for her failure timely to file opposition to this motion.

DATED: January 28, 2013.

                                                    UNITED STATES DISTRICT JUDGE