IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNLY BECKER,

        Plaintiff,                      No. 2:12-cv-0501 KJM CKD PS

    vs.

WELLS FARGO BANK, N.A., INC.,       ORDER

        Defendant.

        Plaintiff filed the above-entitled action. The matter was referred to a United States Magistrate Judge under Local Rule 302(c).

        On January 23, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. Objections to the findings and recommendations have been filed.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court adopts the findings and recommendations in part and modifies them in part. Specifically, the court adopts the magistrate's recommendation that plaintiff's complaint be dismissed, but the court finds plaintiff should be given leave to amend several claims.

1    Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give
2 leave [to amend pleadings] when justice so requires" and the Ninth Circuit has "stressed Rule
3 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
4 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to
5 amend] 'a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on
6 the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833
7 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.
8 1981)). However, "the liberality in granting leave to amend is subject to several limitations.
9 Leave need not be granted where the amendment of the complaint would cause the opposing
10 party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue
11 delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court
12 should look to whether the plaintiff has previously amended the complaint, as "the district
13 court's discretion is especially broad 'where the court has already given a plaintiff one or more
14 opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

15    Plaintiff has not yet been given an opportunity to amend. On the record before
16 the court, including the contents of plaintiff's objections, the court cannot conclude it would be
17 futile to permit plaintiff to amend his fraud claims, if he is able to do so while complying in full
18 with Federal Rule of Civil Procedure 11 and the standards for fraud pleadings set forth in the
19 findings and recommendations. Accordingly, plaintiff's Elder Abuse Act and California Unfair
20 Competition Law claims, as they are premised upon the fraud claims, also are dismissed with
21 leave to amend. The court adopts in full the magistrate judge's recommendation on the balance
22 of plaintiff's claims and dismisses them with prejudice.

23    Accordingly, IT IS HEREBY ORDERED that:

24    1. The findings and recommendations filed January 23, 2013 are adopted in part
25 and modified in part;

26    2. Defendant's motion to dismiss (dkt. no. 39) is granted;

3. Plaintiff is given leave to amend the following claims: fraud (claim one), false promise (claim three), Elder Abuse Act (claim eleven), and Unfair Competition Law (claim twelve); and

4. The rest of plaintiff's claims are dismissed with prejudice.

DATED: March 30, 2013.

_____
UNITED STATES DISTRICT JUDGE