UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY BECKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., INC.,<br><br>　　　　Defendant. | No. 2:12-cv-0501 KJM CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

**STATUS (PRETRIAL SCHEDULING) ORDER**

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Upon review of the docket in this matter, which has been pending since February 27, 2012, the court makes the following findings and orders:

**SERVICE OF PROCESS**

Defendant has been served and no further service is permitted except with leave of court, good cause having been shown.

/////

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

**JURISDICTION/VENUE**

The original complaint in this action did not properly allege a basis for jurisdiction. Diversity jurisdiction is lacking in that the citizenship of the parties is not diverse. See Taheny v. Wells Fargo Bank, N.A., 878 F.Supp. 2d 1093 (E.D. Cal. 2012) (Wells Fargo is citizen of California). Assuming arguendo that federal question jurisdiction was proper under the original complaint, the amended complaint alleges solely state claims. See ECF No. 69 (order of District Court allowing amendment only of four state law claims); ECF No. 74 (Amended complaint). The court will accordingly recommend that the district court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Venue is hereby found to be proper.

**DISCOVERY**

This matter has now been pending over one year. If not already made, the parties shall make initial disclosures under Federal Rule of Civil Procedure 26 no later than June 28, 2013. All discovery is left open, save and except that it shall be so conducted as to be completed by October 2, 2013. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

**MOTION HEARING SCHEDULE**

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by January 15, 2014. The word "completed" in this context means that all law and motion matters must be heard by the above date. The parties are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears after examining the legal issues and facts that an issue can be resolved by pretrial motion, the parties are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**SETTLEMENT CONFERENCE**

If the parties determine a settlement conference would be beneficial, the courtroom deputy may be contacted to arrange a date for the settlement conference. In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

Pursuant to Fed. R. Civ. P. 16(b), THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. Initial disclosures shall be made no later than June 28, 2013;

2. Discovery shall be completed by October 2, 2013;

3. All pretrial motions, except motions to compel discovery, shall be completed by January 15, 2014; and

/////

/////

IT IS HEREBY RECOMMENDED that:

1. The district court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3); and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE