IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNLY R. BECKER,

        Plaintiffs,                      No. 2:12-cv-501 KJM CKD

      v.

WELLS FARGO BANK, et al.,        ORDER

        Defendants.
_____/

        Plaintiff has filed three motions for reconsideration, two challenging rulings by the assigned magistrate judge and one challenging this court's order adopting findings and recommendations. The court ordered these motions submitted without argument.

I. <u>The Motion for Reconsideration of an Order Adopting Findings and Recommendations</u>

    A. Background

        On January 23, 2013, the magistrate judge issued findings and recommendations, recommending that plaintiff's complaint be dismissed and that the case be closed. ECF No. 64. Plaintiff filed objections on February 5, 2013, and on April 1, 2013, the court adopted the recommendation that plaintiff's claims for negligence, violation of the Real Estate Settlement Procedures Act (RESPA), violation of California Civil Code § 2923.6, and quiet title be dismissed without leave to amend, but gave plaintiff leave to file an amended complaint raising

his fraud, false promise, elder abuse, and Unfair Competition Law (UCL) claims. ECF No. 69. On April 10, 2013, plaintiff filed a motion for reconsideration of this order, arguing that the magistrate judge's analysis of the claims dismissed with prejudice assumed that no fraud had been committed and so must be clearly erroneous in light of this court's granting leave to amend the fraud claims. ECF No. 71 at 2.

B. Standard

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen County*, No. CIV. S-05-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'" (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)). In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b); *Regents v. University of Calif. v. Bernzomatic*, No. CIV. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011) (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment); *Ketchum v. City of Vallejo*, No. Civ. S-05-1098 RRB JFM, 2007 WL 4356137, at *1 (E.D. Cal. Dec. 11, 2007) (relying on Rule 54 and court's inherent authority to reconsider its order).

Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *School Dist. No. 1J Multnomah County, Oregon v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Accordingly, a motion for reconsideration is not an

appropriate vehicle for rehashing arguments the court has already rejected. *Howard v. Gutierrez*, 571 F. Supp. 2d 145, 150 n.1 (D. D. C. 2008).

    C.  RESPA

        In the original complaint, plaintiff alleged that he "requested information from Wells Fargo in great detail concerning the servicing of his loans" and on August 31, 2011, he sent a Qualified Written Request (QWR) to Wells Fargo Home Mortgage. The letter requests specific servicing information, including "payoff statements and evidence of indebtedness . . . ." ECF No. 1 ¶¶ 193-194. He continued that "[w]ithout the payoff information . . . plaintiff was not able to pay off the two properties and has to continue to make, or accrue, interest payments he otherwise would not have made." *Id*. ¶ 196.

        In response to the magistrate judge's request, plaintiff submitted a copy of the letter. ECF No. 51. In this letter, plaintiff requested several categories of information: the amount of the unpaid balance and the total of all overdue payments; the amounts of periodic payments; the date on which the obligation is due; the date of the payment of real estate taxes; the amount of insurance in effect; the nature of any other charges that have become a lien on the property; and information on the propriety of transferring the obligation secured by the deed of trust to a new borrower. He also asked for a "payoff demand statement," providing the amount necessary to satisfy all obligations secured by the loan. *Id*. at 2-3.

        The magistrate judge dismissed the claim, noting that even if the request for a payoff statement could be deemed a QWR, plaintiff had not alleged he suffered any pecuniary damages. ECF No. 64 at 7-8. In his reconsideration request, plaintiff alleges that his continued interest payments in the absence of payoff information constitutes sufficient pecuniary loss. ECF No. 71 at 5.

        Whether or not plaintiff's continued interest payments constitute pecuniary loss under RESPA, the claim is not viable. *Tamburri v. Suntrust Mortg., Inc*., 875 F.Supp. 2d 1009, 1015 (N.D. Cal. 2012 ) (discussing the requirement that plaintiff plead pecuniary loss stemming

from servicer's failure to respond to QWR). "RESPA defines a 'qualified written request' as including, among other things, 'a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error.'" *Petite v. Saxon Mortg. Servs.*, No. C08–5089RBL, 2009 WL 1325947, at *2 (W.D. Wash. May 12, 2009); 12 U.S.C. § 2605(e)(1)(B). In *Eifling v. National City Mortgage*, the court found that a borrower's letter was not a QWR, but rather "a general notice of inquiry about the various fees and charges, and a broad request for 22 categories of documentation. It also demanded what amounted to a concession that the loan payoff amount was the original principal amount of the loan." No. CV 10-5713 RBL, 2011 WL 893233, at *3 (W.D. Wash. Mar. 15, 2011). As in *Eifling*, plaintiff did not suggest that the account was in error, but rather asked for several categories of information and a payoff request. As his letter is not a QWR, there was no clear error of law in dismissing this claim.

D.  Civil Code Section 2923.6 and 12 C.F.R. Section 34.62[1]

In the original complaint, plaintiff alleges that he has a Wells Fargo deposit account and owns Wells Fargo stock; that, on information and belief, his money held by Wells Fargo has no specific intended purpose and is used to originate home loans, and "[t]hus Plaintiff is a member of the Wells Fargo loan pool." ECF No. 1 ¶ 135. He then alleges that under 12 C.F.R. section 34.62(b)(1)(i), Wells Fargo's real estate lending policies must be consistent with safe and sound banking practices. *Id*. ¶ 222. He further alleges that under California Civil Code section 2923.6, a loan servicer's duty to maximize net present value is owed to all parties in a loan pool and a servicer acts in the best interests of all parties to the loan pool if it modifies loans under certain conditions. *Id*. ¶ 224. He further alleges that for Wells Fargo to comply with the quoted regulation and statute, it "must make plaintiff loan modifications for his Hardy Pace and 244 Stone Quarry Way loans at market conditions when he requested the modifications. *Id*.

---

[1] Although plaintiff generally raises the same argument he made in his objections, this claim requires a more complete discussion.

4

¶ 226. The magistrate judge granted the motion to dismiss this claim on the ground that Civil Code section 2923.6 does not create a private right of action. ECF No. 9.[2]

Plaintiff argues that he is not suing as a borrower, but rather as a member of the loan pool and so the magistrate judge's conclusion is clearly erroneous. The court does not agree. First, plaintiff's claim that he is a member of the loan pool entitled to enforce the cited statute and regulation is wholly conclusory, based only on his allegation that his funds on deposit in Wells Fargo might be used by the bank to fund home loans. Even a claim made on information and belief must contain sufficient factual content that makes the claim plausible. *Klohs v. Wells Fargo Bank*, 901 F. Supp. 2d 1253, 1260 n.2 (D. Haw. 2012). Plaintiff made no attempt to allege, much less to provide specific factual allegations, that any home loans arose from Wells Fargo's use of the money in his account and has not suggested in any documents filed in opposition or objection that membership in a loan pool arises from deposits or even stock ownership. He has provided nothing suggesting that he can plead a viable claim under the statute. Second, even assuming that 12 C.F.R. section 34.62 regarding real estate lending practices applies to a bank when it acts as a servicer, plaintiff has not suggested that the regulation creates a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *Cort v. Ash*, 422 U.S. 66, 78 (1975); *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1023 (9th Cir. 2007).

Plaintiff says he intends to include his arguments based on these sections as part of his claim that Wells Fargo's practices violated the UCL, California Business and Professions Code section 17200. "To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (internal quotations omitted); *Gardner v. Am. Home Mortg. Servicing, Inc*., 691 F. Supp. 2d

---

[2] She did not address the claim under 12 C.F.R. § 34.62.

1192, 1201 (E.D. Cal. 2010). A plaintiff must also show that he or she suffered a loss of money or property and that this economic injury was caused by the challenged business practice. *Thomas v. Costco Wholesale Corp.*, No. 5:12–CV–02908 EJD, 2013 WL 1435292, at *4 (N.D. Cal. Apr. 9, 2013); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-23 (2011).

Because the requirements are phrased in the disjunctive, a practice may be unfair or deceptive even if is not unlawful, or vice versa. *Lippit*, 340 F.3d at 1043. An action is unlawful under the UCL and independently actionable if it constitutes a violation of another law. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *Gardner*, 691 F. Supp. 2d at 1201. An act is "unfair" under the UCL if it "significantly threatens or harms competition, even if it is not specifically proscribed by another law." *Swanson v. EMC Mortg. Corp.*, No. CV F 09-1507 LJO/ DLB, 2009 WL 4884245, at *9 (E.D. Cal. Dec. 9, 2009); *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 180, 187 (1999). Finally, an action is fraudulent under the UCL if it deceives some member of the public or harms the public interest. *Patacsil v. Wilshire Credit Corp.*, No. 2:09-cv-01660 MCE KJM, 2010 WL 500466, at *6 (E.D. Cal. Feb. 8, 2010).

Relying on a statement in *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052 (E. D. Cal. 2009), plaintiff argues he is entitled to amend to include these claims as the basis of a UCL cause of action. However, nothing in the regulation even suggests that a refusal or failure to modify a mortgage in default is unlawful, unfair or deceptive. *See Settle v. World Sav. Bank, F.S.B.*, No. ED CV 11–00800 MMM (DTBx), 2012 WL 1026103, at *15 n.48 (C.D. Cal. Jan. 11, 2012) (stating that because there is no entitlement to a loan modification under § 2923.6, the failure to provide one is not an unfair business practice); *see Cel-Tech Commc'ns.*, 20 Cal. 4th at 186-87 (stating that an unfair practice under the UCL must harm competition). Moreover, even assuming that plaintiff's status as a depositor makes him a member of the loan pool, section 2923.6(a) says only that a servicer is deemed to be acting in the best interests of the members of a loan pool by agreeing to certain loan modifications; it does not suggest that a servicer's failure

6

to modify loans is illegal or forbidden by law.  Finally, to the extent the section mentions a duty, it is not the duty to modify loans but rather the duty to maximize net present value to all parties of a loan pool rather than to any particular party.  Any failure to modify a particular mortgage is not rendered illegal or deceptive.

    E.  Remaining Claims

Plaintiff repeats the arguments offered in his objections to the findings and recommendations as to his negligence claim, *compare* ECF No. 71 at 5-7 *with* ECF No. 66 at 19-21; his Rosenthal Act claim, *compare* ECF No. 71 at 7-8 *with* ECF No. 66 at 23; his "no contract" claim, *compare* ECF No. 71 at 9 *with* ECF No. 66 at 24; his improper foreclosure claim, *compare* ECF No. 71 at 11-12 *with* ECF No. 66 at 25-26; and his emotional distress claims, *compare* ECF No. 71 at 12-14 *with* ECF No. 66 at 27-28.  Because plaintiff has presented nothing new, he has not properly supported this aspect of his motion for reconsideration.

II.  <u>The Motions for Reconsideration of the Magistrate Judge's Order on Disqualification</u>[3]

    A.  Background

On April 10, 2013, plaintiff filed a motion for the disqualification of the magistrate judge under 18 U.S.C. § 455, arguing that the judge's impartiality might reasonably be questioned because in the order addressing plaintiff's claim for injunctive relief, she characterized him as a sophisticated investor and well versed in legal pleadings.  ECF No. 72 at 4 (quoting ECF No. 13 at 5).  He argues this shows bias, which is manifested by the legal errors in her analysis of defendant's motion to dismiss.  He also argues that this conclusion stems from an improper investigation of plaintiff's background "outside the bounds of this case."  ECF No. 72 at 3.

/////

---

[3] Plaintiff has filed two motions for reconsideration, raising essentially the same arguments.

7

1  The magistrate judge denied the request on April 18, 2013.  ECF No. 73.  Plaintiff
2 filed motions for reconsideration on April 20 and May 9, 2013.  ECF Nos. 75, 77.

   B.  Standard

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *See also* Local Rule 303(f) & 28 U.S.C. § 636(b)(1)(A).  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ."  *Id.* at 623.  "To succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Enriquez v. City of Fresno*, No. CV F 10–0581 AWI DLB, 2011 WL 1087149, at *1, 3 (E.D. Cal. Mar. 23, 2011).  Furthermore, when filing a motion for reconsideration, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j)(3).  "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

   C.  Analysis

The standard for recusal under 18 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (internal quotations and citations omitted).  "[J]udicial rulings alone almost never constitute a valid basis

8

for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias."). This is because the alleged bias generally must "stem from an 'extrajudicial source'" to be disqualifying. *Hernandez*, 109 F.3d at 1454 (quoting *Liteky*, 510 U.S. at 554–56 ). In the absence of an extrajudicial source, recusal is required only upon a showing of "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff appears to argue that the magistrate judge's bias arises from an extra-judicial source because she referred to other cases in which plaintiff was involved. However, in *Liteky*, the court noted that the "extrajudicial source" prong of the disqualification test connotes a wrongful opinion stemming from "knowledge that the subject ought not to possess . . . ." *Id*. at 550. It appears unlikely that information subject to judicial notice, such as the court records consulted in this case, is knowledge the magistrate judge "ought not to possess." *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (stating it is proper to take judicial notice of other court proceedings). Moreover, the quality of plaintiff's pro se filings in this case alone supports the conclusion that he is well versed in legal pleadings; the original complaint itself discusses plaintiff's eighteen properties, purchased largely for investment, and mentions his other investments. ECF No. 1 ¶¶ 17, 20. In addition, whatever comments the magistrate judge made about plaintiff's sophistication do not demonstrate deep-seated antagonism. It is only her rulings plaintiff points to and characterizes as improper and erroneous. This is not sufficient.

IT IS THEREFORE ORDERED that plaintiff's motions for reconsideration, ECF Nos. 71, 75, and 77, are denied.

DATED: June 25, 2013.

_____
UNITED STATES DISTRICT JUDGE